UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDUARDO DOMINGO AGUILAR (A-Number: 209-135-989),

Petitioner,

v.

WARDEN, California City Immigration Processing Center; DAVID J. VENTURELLA; MARKWAYNE MULLIN; and TODD BLANCHE,

Respondents.

No. 1:26-cv-08493-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Eduardo Domingo Aguilar is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order, which petitioner filed on October 16, 2026. Docs. 1, 2.

**I. Background**

Petitioner Eduardo Domingo Aguilar is a 27-year-old citizen of Guatemala who entered the United States as an unaccompanied alien child around or before 2016. *See* Doc. 6-1. Petitioner was encountered by Border Patrol on October 8, 2016 in Arizona, and released to a sponsor on November 20, 2016. *Id.* at 2-3. In 2025, petitioner was detained but was subsequently released after the immigration judge terminated the proceedings without prejudice, noting that petitioner "has been waiting for USCIS adjudication of [his] TVPRA application for 15 years[,]… has been detained for three months without government action, has no criminal

history, and otherwise appears eligible for relief." Doc. 6-5 at 4-5; Doc. 6-6; Doc. 1 at 1-2, 4-5. As the immigration judge noted, petitioner has a pending Trafficking Victims Protection Reauthorization Act (TVPRA) asylum application. *Id.*; Doc. 1 at 4. Petitioner has no criminal history. Doc. 1 at 6.

On September 1, 2026, petitioner was re-detained after ERO Fugitive Operations Officers pulled over a vehicle in which petitioner was an occupant. Doc. 6-1 at 2. Petitioner states that he "was redetained by ICE in Jacksonville, Florida, while driving to work." Doc. 1 at 2. Petitioner notes that "[n]o new criminal charges, violations, or changed circumstances have been documented to justify this redetention." Doc. 1 at 2. Petitioner received a notice of custody determination on October 22, 2026, and did not request review by an immigration judge. Doc. 6-4. On October 16, 2026, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary restraining order, Doc. 2. Petitioner argues that he was detained without due process and seeks release. Docs. 1, 2. Respondents filed an opposition on October 23, 2026. Doc. 6.

## II. Discussion

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has lived at liberty while his immigration case proceeds pursuant to the Government's affirmative decision not to detain him, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026); *Arikapudi v. Andrews*, No. 1:26-CV-05805-KES-EGC (HC), 2026 WL 2368115 (E.D. Cal. Aug. 16, 2026); *Tusov v. Andrews*, No. 1:26-CV-07953-KES-SAB (HC), 2026 WL 3102165 (E.D. Cal. Oct. 18, 2026).

The circumstances here are similar to those in *Medvezhov*, *Arikapudi*, and *Tusov*, and petitioner likewise has a protected liberty interest. As in *Medvezhov*, petitioner submitted an asylum application years ago, which remains pending. Doc. 6-5 at 5. The government received petitioner's asylum application years ago, knew of petitioner's presence in the United States, and

allowed him to remain at liberty. Petitioner has sufficiently established that he has a protected liberty interest under these circumstances.

Respondents argue that petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A), but they concede that under *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), § 1226(a) applies to individuals in petitioner's circumstances. Doc. 6 at 1. Respondents assert that the petition should be denied for lack of exhaustion because "[p]etitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." Doc. 6 at 1. But when a noncitizen is re-detained in these circumstances, the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence such that his re-detention is warranted. *See, e.g.*, *Medvezhov*, 2026 WL 2234501.

## III. Conclusion and Order

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026), *Arikapudi v. Andrews*, No. 1:26-CV-05805-KES-EGC (HC), 2026 WL 2368115 (E.D. Cal. Aug. 16, 2026), and *Tusov v. Andrews*, No. 1:26-CV-07953-KES-SAB (HC), 2026 WL 3102165 (E.D. Cal. Oct. 18, 2026), the petition for writ of habeas corpus is GRANTED for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Eduardo Domingo Aguilar (A-Number: 209-135-989) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot,

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 16, 2026

UNITED STATES DISTRICT JUDGE